UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-2363-O'SULLIVAN

UNITED STATES OF AMERICA

    Plaintiff,

vs.

LUIS ZELIE,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court following a status hearing on June 16, 2011 concerning the defendant's competency to stand trial. Having carefully reviewed the record including the report of Dr. Jorge Luis, a forensic psychologist for the Federal Bureau of Prisons, and having heard from the government and the defendant's counsel, it is

ORDERED AND ADJUDGED that the Court finds the defendant presently competent to stand trial for the reasons stated herein.

## BACKGROUND

The defendant is charged by criminal complaint in the Southern District of Florida with threatening to assault a federal official in retaliation for the performance of official duties in violation of section 115(a)(1)(B), United States Code, Title 18. See Criminal Complaint (DE# 3, 4/10/09). On March 28, 2011, the Court issued an Order Directing Mental Health Examination (DE# 8, 3/28/11) following an ore tenus motion for a mental competency examination. Pursuant to the Court's Order (DE# 8), Dr. Jorge Luis, a forensic psychologist for the Federal Bureau of Prisons, examined the defendant at the Federal Detention Center in Miami, Florida for a 45-day period from March 31, 2011 to

May 15, 2011. Following the completion of his forensic examination, on June 1, 2011, Dr. Luis issued a written report detailing his examination of the defendant, his findings, opinions and recommendations. In his report, Dr. Luis opined that the defendant was competent to stand trial. More specifically, Dr. Luis opined that the defendant understands the nature and consequences of the proceedings against him and is able to properly assist in his own defense.

On June 2, 2011, the Court held a status conference wherein it provided the defendant's counsel with an opportunity to meet with the defendant and determine how he would like to proceed in light of Dr. Luis' report. On June 16, 2011, the Court held another status conference. At the June 16, 2011 status conference, the defendant's counsel advised the Court that the defendant does not object to or otherwise contest Dr. Luis' finding that the defendant is presently competent to stand trial.

## **ANALYSIS**

Section 4241(a) provides as follows:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a). Under section 4241, the Court is required to hold an evidentiary hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings

against him or to assist properly in his defense." In the instant case, the parties do not object to the Court making a competency determination based upon the written forensic report prepared by Dr. Luis. Additionally, the Court finds that Dr. Luis' report is comprehensive in nature and sufficiently detailed and that in-court testimony by Dr. Luis is not necessary. Accordingly, the Court will proceed with the written report of Dr. Luis.

1. **The Defendant Has a Rational as Well as Factual Understanding of the Proceedings Against Him**

Under the first prong, the defendant must be able to understand the nature and consequences of the proceedings against him. The defendant meets this prong. In his report, Dr. Luis noted that the defendant was able to identify the charges against him and provided a description of the accusations made in the instant case. The defendant understood the role of courtroom personnel and the adversarial nature of courtroom proceedings. The defendant also expressed an understanding of the penalties he could face if he is found guilty. The Court finds that the defendant has a rational as well as factual understanding of the proceedings against him.

2. **The Defendant has Sufficient Present Ability to Consult with His Lawyer with a Reasonable Degree of Rational Understanding**

The Court concludes that the defendant has sufficient present ability to consult with his lawyer within a reasonable degree of rational understanding. The Court relies on Dr. Luis' report that the defendant appears to have the capacity to assist properly toward his defense. The defendant was diagnosed with psychotic disorder not otherwise specified. However, Dr. Luis notes that the defendant's current mental state is relatively stable possibly due to his current psychotropic medications and abstinence from alcohol.

## **CONCLUSION**

Based on the record, including the comprehensive and detailed report of Dr. Luis, the Court finds that the defendant is presently capable of understanding the nature and consequences of the proceedings against him and can properly assist in his own defense in this case. Accordingly, the undersigned finds that the defendant is competent to stand trial as provided in 18 U.S.C. § 4241.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **16th** day of June, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All Counsel of Record